ARTHUR L. MALKENSON, Respondent, *v.* JOURNAL-NEWS CORPORATION, Appellant.

First Department, December 20, 1945.

*Nathan Immerman* for appellant.

*John A. Bell, Jr.,* of counsel (*Jeremiah T. Mahoney* with him on the brief; *Phillips, Mahoney & Fielding,* attorneys), for respondent.

*Per Curiam.* The plaintiff, who has a contract of employment with defendant as publisher of a newspaper, brings this action for a declaratory judgment and for an injunction preventing defendant from violating the terms of the agreement.

No allegation is made that plaintiff has been discharged or that the contract has been terminated, but plaintiff pleads that defendant has employed a general manager who has been designated publisher instead of plaintiff, and has adopted resolutions voting control of the editorial policy of the paper in others than plaintiff. The complaint states that the amount of salary to be paid to the new general manager is grossly excessive and in violation of the rights of stockholders of defendant and of plaintiff. There are allegations that the steps complained of will reduce the profits of defendant during plaintiff's term of employment, and that the contract provides that plaintiff is to

receive a sum equal to 10% of any excess of profits over $25,000. It also states that plaintiff has an option to demand a renewal of the contract, and that he has stipulated not to engage in any similar enterprise in a limited territory during the remainder of the term, if he terminates the contract without just cause.

We find that most of the matters complained of and the relief sought with relation thereto refer solely to the conduct of the internal affairs of defendant corporation, and to the extent that they do so they are not properly the subject of judicial cognizance to the extent of declaring the rights of the parties. The courts will not regulate the conduct of directors in the reasonable exercise and performance of their duties, even though they may by such conduct render the corporation liable to actions for damages (*Fells* v. *Katz,* 256 N. Y. 67, 72).

The order should be reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted without prejudice to any action at law or in equity that plaintiff may deem advisable, based on any breach of his contractual rights.

MARTIN, P. J., TOWNLEY, CALLAHAN, WASSERVOGEL and PECK, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted without prejudice to any action at law or in equity that plaintiff might deem advisable, based on any breach of his contractual rights. Settle order on notice.